UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

SAMUEL KARNES, MOLLY WASHAM, ADAM BETTENCOURT, and LAURA PETREE,

                            Plaintiffs,

                -against-

THE CITY OF NEW YORK; MAYOR BILL DE BLASIO; NEW YORK CITY POLICE DEPARTMENT ("NYPD") COMMISSIONER DERMOT SHEA; NYPD CHIEF OF DEPARTMENT TERENCE MONAHAN; NYPD DETECTIVE MICHAEL MCCAFFREY; NYPD SERGEANT GERARD M. CAFFREY; NYPD DETECTIVE DANIEL HERZOG; NYPD OFFICER FNU MOSES and NYPD MEMBERS JOHN AND JANE DOES 1-18,

                            Defendants.
----------------------------------------------------------------------- x

**STIPULATION OF SETTLEMENT**

21 CV 4903 (WFK) (JRC)

        **WHEREAS,** plaintiffs commenced this action by filing a complaint on or about August 31, 2021, alleging that the defendants violated plaintiffs' federal civil and state common law rights; and

        **WHEREAS,** defendants City of New York, former Mayor Bill de Blasio, former NYPD Commissioner Dermot Shea, former NYPD Chief of Dept. Terence Monahan, Detective Michael McCaffrey, Sergeant Gerard Caffrey, Detective Daniel Herzog and Police Officer Danielle Moses have denied any and all liability arising out of plaintiffs' allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation solely with respect to the claims brought by plaintiff Petree, without further proceedings and without admitting any fault or liability; and

**WHEREAS**, plaintiff Petree has authorized plaintiff's counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action, solely in connection with the claims brought by plaintiff Petree, is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Laura Petree the sum of Three Hundred Forty Thousand ($340,000.00) Dollars in full satisfaction of all claims brought by plaintiff Petree, including plaintiff Petree's claim for costs, expenses and attorneys' fees. In consideration for the payment of these sums, plaintiff Petree agrees to dismissal of all the claims against the defendants and to release defendants City of New York, former Mayor Bill de Blasio, former NYPD Commissioner Dermot Shea, former NYPD Chief of Dept. Terence Monahan, Detective Michael McCaffrey, Sergeant Gerard Caffrey, Detective Daniel Herzog and Police Officer Danielle Moses; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff Petree's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Releases, including their claims for costs, expenses, and attorneys' fees.

3. Plaintiff Petree each shall execute and serve on the City of New York's attorney by legal tender (either by personal service or certified mail) at 100 Church Street, New York, New York 10007 all documents necessary to effect this settlement, including, without

limitation, a General Release, based on the terms of paragraph "2" above, IRS Form W-9, and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiff Petree must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff Petree's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff Petree agrees to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter. If Medicare claims are not satisfied, defendants reserve the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

7. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto with respect to the claims brought by plaintiff Petree, and no oral

agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
        June 10      , 2025

COHEN & GREEN PLLC
Elena Cohen, Esq.
*Attorney for Plaintiffs*
1639 Centre Street, Suite 216
Ridgewood, New York 11385

By: *Elena Cohen*
    Elena Cohen, Esq.
    *Attorney for Plaintiffs*

MURIEL GOODE-TRUFANT
Corporation Counsel of the
    City of New York
*Attorney for Defendants*
100 Church Street, 3rd Floor
New York, New York 10007

By: [signature]
    Brian Francolla
    *Senior Counsel*